UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| CYNTHIA GAIL STORY | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) No. 1:13CV87 HEA |
| | ) |
| CAROLYN W. COLVIN | ) |
| Commissioner of Social | ) |
| Security Administration, | ) |
| | ) |
| Defendant. | ) |

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff's request for judicial review, under 28 U.S.C. § 1383(c)(3), of the final decision of Defendant denying Plaintiff's application for Supplemental Security Income (SSI) under Title XVI, 42 U.S.C. §1381, *et seq*. For the reasons set forth below, the Court affirms the Commissioner's denial of Plaintiff's application.

### Facts and Background

Plaintiff was 38 years old at the time of the hearing. She was 36 at the time of her application for benefits. She finished high school and has training in medical billing and coding. The ALJ found Plaintiff had the severe impairments of: obesity, insulin dependent diabetes mellitus, learning disorder and posttraumatic

stress disorder/anxiety, as well as reactive mood disorder pursuant to 20 CFR 416,920(c). At the October 18, 2011 hearing, Plaintiff testified that she was not employed at the time. Plaintiff resides in a house with two other individuals who, according to her, receive some type of benefits. She was able to lift 5 pounds when necessary. Plaintiff applied for benefits on October 23, 2009. Plaintiff testified that she cannot comprehend things so well; she cannot stand for longer than15 minutes or sit for longer than 30 minutes. She cannot walk farther than two blocks without stopping to rest. She also testified that she cleans from time to time and that neither of the other residents of her abode will. She further testified that her back hurts from time to time and may be the result of her weight.

A vocational expert also testified at the hearing. In response to the hypothetical question of an individual who is 38 years old, no past relevant work, high school education with training as medical billing or coding, and limited medium exertional work and occasionally climb stairs and ramps, but never climb ropes, ladders, and scaffolds; should work in temperature controlled environment; avoid concentrated exposure to pulmonary irritants, unprotected heights, hazardous machinery. Included was the limitation to performing simple tasks and only occasional contact with then public or coworkers. The VE testified there were other jobs available for the Plaintiff. The vocational expert testified that the jobs of a metal spraying machine operator, shuttle spotter and riveting machine operator

were available.  Given another hypothetical, changing to light exertional level restrictions, the VE testified that the position of collator operator, photocopy machine operator and folding machine operator were available. The VE was also inquired on whether there would be jobs available at the sedentary exertional level and responded there would be positions available as a lens inserter and as a patcher as well as document preparer, microfilm. Lastly the ALJ inquired if there would be jobs available with the additional limitations that any job must allow for occasional unscheduled disruptions in the work day and work week secondary to unreliability as far as showing up for work, the necessity to lie down for extended periods during the day, and an inability to focus or concentrate for a full eight hours. The VE testified there would be no such jobs available.

Plaintiff's application for supplemental security income benefits was denied on February 5, 2010.  Plaintiff appeared and testified before an ALJ on October 18, 2011.  On December 16, 2011, the ALJ issued an unfavorable decision.  On April 25, 2013, the Appeals Council denied Plaintiff's request for review of the ALJ's decision. Thus, the decision of the ALJ stands as the final decision of the Commissioner.

## Standard For Determining Disability

The Social Security Act defines as disabled a person who is "unable to engage in any substantial gainful activity by reason of any medically determinable

physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 1382c(a)(3)(A); *see also Hurd v. Astrue*, 621 F.3d 734, 738 (8th Cir.2010). The impairment must be "of such severity that [the claimant] is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work." 42 U.S.C. § 1382c(a)(3)(B).

A five-step regulatory framework is used to determine whether an individual claimant qualifies for disability benefits. 20 C.F.R. §§ 404.1520(a), 416.920(a); see also *McCoy v. Astrue*, 648 F.3d 605, 611 (8th Cir.2011) (discussing the five-step process). At Step One, the ALJ determines whether the claimant is currently engaging in "substantial gainful activity"; if so, then he is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(I), 416.920(a)(4)(I); McCoy, 648 F.3d at 611. At Step Two, the ALJ determines whether the claimant has a severe impairment, which is "any impairment or combination of impairments which significantly limits [the claimant's] physical or mental ability to do basic work activities"; if the claimant does not have a severe impairment, he is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(ii), 404.1520(c), 416.920(a)(4)(ii), 416.920(c); McCoy, 648 F.3d at 611. At

Step Three, the ALJ evaluates whether the claimant's impairment meets or equals one of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 (the "listings"). 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii). If the claimant has such an impairment, the Commissioner will find the claimant disabled; if not, the ALJ proceeds with the rest of the five-step process. 20 C.F.R. §§ 404.1520(d), 416.920(d); *McCoy*, 648 F.3d at 611.

Prior to Step Four, the ALJ must assess the claimant's "residual functional capacity" ("RFC"), which is "the most a claimant can do despite [his] limitations." *Moore v. Astrue*, 572 F.3d 520, 523 (8th Cir.2009) (citing 20 C.F.R. § 404.1545 (a)(1)); see also 20 C.F.R. §§ 404.1520(e), 416.920(e). At Step Four, the ALJ determines whether the claimant can return to his past relevant work, by comparing the claimant's RFC with the physical and mental demands of the claimant's past relevant work. 20 C.F.R. §§ 404.1520(a) (4) (iv), 404.1520(f), 416.920(a) (4) (iv), 416.920(f); *McCoy*, 648 F.3d at 611. If the claimant can perform his past relevant work, he is not disabled; if the claimant cannot, the analysis proceeds to the next step. *Id*... At Step Five, the ALJ considers the claimant's RFC, age, education, and work experience to determine whether the claimant can make an adjustment to other work in the national economy; if the claimant cannot make an adjustment to other work, the claimant will be found disabled. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v); *McCoy*, 648 F.3d at 611.

Through Step Four, the burden remains with the claimant to prove that he is disabled. *Moore*, 572 F.3d at 523. At Step Five, the burden shifts to the Commissioner to establish that the claimant maintains the RFC to perform a significant number of jobs within the national economy. *Id.; Brock v. Astrue*, 674 F.3d 1062, 1064 (8th Cir.2012).

**ALJ Decision**

The ALJ utilized the five-step analysis as required in these cases. Here the ALJ determined at Step One, that Plaintiff had not engaged in substantial gainful activity since October 23, 2009, the application date. The ALJ found at Step Two that Plaintiff has the severe impairments of obesity, insulin dependent diabetes mellitus, learning disorder and posttraumatic stress disorder/anxiety, as well as reactive mood disorder pursuant to 20 CFR 416,920(c).

At Step Three, the ALJ found that Plaintiff does not suffer from an impairment or combination of impairments of a severity that meets or medically equals the required severity of a listing as set out in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 416.920 (d), 416.925 and 416.926).

As required, prior to Step Four, the ALJ determined the Residual Functional Capacity of Plaintiff to be as follows: to perform light work (lift or carry 20 pounds occasionally and 10 pounds frequently, stand or walk for six hours out of an eight-hour workday and sit for six hours out of an eight-hour workday). Plaintiff can

occasionally stoop, kneel, crouch, or crawl. She must work in a temperature-controlled environment and avoid concentrated exposure to excessive vibration, pulmonary irritants, unprotected heights, and hazardous machinery. She can only perform simple tasks which require no more than occasional contact with the public and coworkers.

At Step Four it was the finding of the ALJ that Plaintiff had no past relevant work.

Finally, at Step five, the ALJ found that Plaintiff could perform other work that existed in significant numbers in the national economy. The ALJ, therefore, found Plaintiff not disabled, and denied the benefits sought by the Application.

**Standard For Judicial Review**

The Court's role in reviewing the Commissioner's decision is to determine whether the decision "'complies with the relevant legal requirements and is supported by substantial evidence in the record as a whole.'" *Pate–Fires v. Astrue*, 564 F.3d 935, 942 (8th Cir.2009) (quoting *Ford v. Astrue*, 518 F.3d 979, 981 (8th Cir.2008)). "Substantial evidence is 'less than preponderance, but enough that a reasonable mind might accept it as adequate to support a conclusion.'" *Renstrom v. Astrue*, 680 F.3d 1057, 1063 (8th Cir.2012) (quoting *Moore v. Astrue*, 572 F.3d 520, 522 (8th Cir.2009)). In determining whether substantial evidence supports the Commissioner's decision, the Court considers both evidence that supports that

decision and evidence that detracts from that decision. *Id*. However, the court "'do[es] not reweigh the evidence presented to the ALJ, and [it] defer[s] to the ALJ's determinations regarding the credibility of testimony, as long as those determinations are supported by good reasons and substantial evidence.'" Id. (quoting *Gonzales v. Barnhart*, 465 F.3d 890, 894 (8th Cir.2006)). "If, after reviewing the record, the court finds it is possible to draw two inconsistent positions from the evidence and one of those positions represents the ALJ's findings, the court must affirm the ALJ's decision.'" *Partee v. Astrue*, 638 F.3d 860, 863 (8th Cir.2011) (quoting *Goff v. Barnhart*, 421 F.3d 785, 789 (8th Cir.2005)). The Court should disturb the administrative decision only if it falls outside the available "zone of choice" of conclusions that a reasonable fact finder could have reached. *Hacker v. Barnhart*, 459 F.3d 934, 936 (8th Cir.2006).

## Discussion

In her appeal of the Commissioner's decision, Plaintiff makes the following contentions: (1) The ALJ erred in arbitrarily determining a Residual Functional Capacity by not giving enough weight to a treating physician; (2) The ALJ's RFC is not based upon the substantial evidence of record as required in that the ALJ did not cite any medical evidence that supports the RFC; (3) The ALJ erred by failing to conduct a proper credibility analysis when he improperly disregarded Plaintiff's statements concerning her mental and physical ability.

**RFC**

A claimant's RFC is the most an individual can do despite the combined effects of all of his or her credible limitations. *See* 20 C.F.R. § 404.1545. An ALJ's RFC finding is based on all of the record evidence, including the claimant's testimony regarding symptoms and limitations, the claimant's medical treatment records, and the medical opinion evidence. *See Wildman v. As true*, 596 F.3d 959, 969 (8th Cir.2010); see also 20 C.F.R. § 404.1545; Social Security Ruling (SSR) 96–8p. An ALJ may discredit a claimant's subjective allegations of disabling symptoms to the extent they are inconsistent with the overall record as a whole, including: the objective medical evidence and medical opinion evidence; the claimant's daily activities; the duration, frequency, and intensity of pain; dosage, effectiveness, and side effects of medications and medical treatment; and the claimant's self-imposed restrictions. *See Polaski v. Heckler*, 739 F.2d 1320, 1322 (8th Cir.1984); 20 C.F.R. § 404.1529; SSR 96–7p.

A claimant's subjective complaints may not be disregarded solely because the objective medical evidence does not fully support them. The absence of objective medical evidence is just one factor to be considered in evaluating the claimant's credibility and complaints. The ALJ must fully consider all of the evidence presented relating to subjective complaints, including the claimant's prior

work record, and observations by third parties and treating and examining physicians relating to such matters as:

(1) the claimant's daily activities;

(2) the subjective evidence of the duration, frequency, and intensity of the claimant's pain;

(3) any precipitating or aggravating factors;

(4) the dosage, effectiveness, and side effects of any medication; and

(5) the claimant's functional restrictions.

The ALJ must make express credibility determinations and set forth the inconsistencies in the record which cause him to reject the claimant's complaints. *Guilliams v. Barnhart*, 393 F.3d 798, 802 (8th Cir.2005). "It is not enough that the record contains inconsistencies; the ALJ must specifically demonstrate that he considered all of the evidence." *Id*. The ALJ, however, "need not explicitly discuss each *Polaski* factor." *Strongson v. Barnhart*, 361 F.3d 1066, 1072 (8th Cir.2004). The ALJ need only acknowledge and consider those factors. *Id*. Although credibility determinations are primarily for the ALJ and not the court, the ALJ's credibility assessment must be based on substantial evidence. *Rautio v. Bowen*, 862 F.2d 176, 179 (8th Cir.1988).

**The ALJ erred in arbitrarily determining a Residual Functional Capacity by not giving enough weight to a treating physician**

Plaintiff contends that the ALJ should have afforded Dr. Dale, her treating physician, controlling, or at least substantial weight. Story argues the ALJ should have given controlling weight or substantial weight to the opinion Dr. Dale provided through the Medical Source Statement-Physical relating to Plaintiff's limitations rather than the little weight determination made by the ALJ. The claimant has the burden to prove the RFC at step four of the sequential evaluation, and the ALJ determines it based on all relevant evidence. *See Harris v. Barnhart*, 356 F.3d 926, 930 (8th Cir. 2004). The RFC formulation is a part of the medical portion of a disability adjudication as opposed to a vocational portion, which involves consideration of age, education, and work experience. Although it is a medical question, it is not based only on "medical" evidence, i.e., evidence from medical reports or sources; rather an ALJ has the duty to formulate the RFC based on all the relevant, credible evidence. *See McKinney v. Apfel*, 228 F.3d 860, 863 (8th Cir. 2000); *Roberts v. Apfel*, 222 F.3d 466, 469 (8th Cir. 2000).

The ALJ here properly accorded little weight to the opinion of Dr. Dale. The ALJ need not assign controlling or even significant weight just because the doctor has treated the claimant in the past, as is here where Dr. Dale treated Story for approximately 13 months before the evaluation which forms the basis for Plaintiff's argument. The ALJ will also consider whether the doctor's opinion is consistent with other evidence and opinions, the doctor's specialty, and "other

factors" like the extent to which doctor is familiar with other information in the claimant's case. *See* 20 C.F.R § 404.1527(c)(2) (2012); *Brace v. Astrue*, 578 F.3d 882, 885 (8th Cir. 2009). The ALJ may reject opinions that he finds are not supported by other credible objective evidence in the record, or which are unexplained or conclusory. *See Brown v. Astrue*, 611 F.3d 941, 951 (8th Cir. 2010) (treating source "opinion does not automatically control in the face of other credible evidence on the record that detracts from that opinion."). The ALJ fully discussed the medical and other evidence of record supporting the RFC finding. *See* SSR 96-8p; *McKinney v. Apfel*, 228 F.3d 860, 863 (8th Cir. 2000) (affirming ALJ's residual functional capacity determination where it was consistent with the medical records and the observations of treating physicians and others relevant evidence of pre-expiration disability (emphasis added).

Once the ALJ has reached his conclusion about the weight assigned to the medical opinions in a case, the court need only evaluate whether substantial evidence supports the ALJ's analysis, not whether the evidence could have supported a different conclusion in the first instance. *See Goff v. Barnhart*, 421 F.3d 785, 790-91 (8th Cir. 2005) ("[A]n appropriate finding of inconsistency with other evidence alone is sufficient to discount the opinion."); *Metz v. Shalala*, 49 F.3d 374, 377 (8th Cir. 1995) (internal quotes and citation omitted). Thus the issue here is not whether Dr. Dale's opinion was due controlling weight but whether

substantial evidence supported the rejection of the opinion under the facts of this case. Dr. Dale's opinion was properly viewed in the context of the remainder of the record, which showed that Plaintiff had little treatment for over a year during the relevant period, and that Plaintiff's other treating doctor, James Seeman, M.D., found little wrong with her gait or range of motion. Dr. Dale's treatment notes were benign, with little mention of deficits in upper extremity strength or gait sufficient to account for the marked limitations he suggested on the form. Most of his treatment notes documented normal neurological and musculoskeletal attributes. The doctor had no imaging studies on which to base his opinions of Plaintiff's residual functional capacity. The objective evidence or absence thereof provided no support of Dr. Dale's opinion and was inconsistent with his opinion. Substantial evidence clearly supports the decision. The RFC was supported by substantial evidence of record.

**The ALJ's RFC is not based upon the substantial evidence of record as required in that the ALJ did not cite any medical evidence that supports the RFC**

Plaintiff asserts that residual functional capacity must made by a doctor and that since the ALJ afforded little weight to the Dr. Dale opinion there was therefore no medical evidence supporting the ALJ conclusion of the RFC. Plaintiff ignores however that the ALJ is not required to match his residual functional capacity to

the opinion of some particular doctor's opinion. *See Martise v. Astrue*, 641 F.3d 909, 927 (8th Cir. 2011) ("[T]he ALJ is not required to rely entirely on a particular physician's opinion or choose between the opinions [of] any of the claimant's physicians") (internal citations omitted). Medical sources provide evidence regarding residual functional capacity, but the Commissioner alone makes the final residual functional capacity assessment based on the record as a whole, including medical opinion evidence, with the claimant's own testimony, treatment records, and other credibility factors. 20 C.F.R. § 416.927(d)(2) (Commissioner uses medical sources to "provide evidence" regarding several factors, including residual functional capacity, but the "final responsibility for deciding these issues is reserved to the Commissioner"). ALJ has a duty to formulate RFC based on all the relevant, credible evidence of record, including testimony, and not rely just on medical opinion evidence or subjective allegations of the claimant. *See McKinney v. Apfel*, 228 F.3d 860, 863 (8th Cir. 2000); *Roberts v. Apfel*, 222 F.3d 466, 469 (8th Cir. 2000). Here the record was more than sufficient to make a determination consistent with the requirements of the applicable law. The ALJ heard Plaintiff's testimony, and had access to all of her treatment records through the period she alleged she was disabled. He analyzed her treatment history, her relative lack of treatment, the absence of clinical signs of physical limitation, her mental health

treatment history, her poor work history, and her daily activities, before assessing her residual functional capacity for a limited range of light work.

**The ALJ erred by failing to conduct a proper credibility analysis when he improperly disregarded Plaintiff's statements concerning her mental and physical ability.**

Plaintiff asserts that the ALJ did not engage in the proper and explicit discussion of her credibility and that the ALJ did not consider her subjective complaints. Suffice to say credibility questions concerning a claimant's subjective testimony are "primarily for the ALJ to decide, not the courts." *Baldwin v. Barnhart*, 349 F.3d 549, 558 (8th Cir. 2003). As previously noted, to analyze a claimant's subjective complaints, the ALJ considers the entire record, including the medical records; third party and Plaintiff's statements; the claimant's daily activities; the duration, frequency and intensity of pain or other subjective complaints; the dosage, effectiveness, and side effects of medication; precipitating and aggravating factors; and functional restrictions. See 20 C.F.R. § 404.1529; *Polaski v. Heckler*, 739 F.2d 1320, 1322 (8th Cir. 1984). The Eighth Circuit has held that although the *Polaski* factors "must be taken into account, the ALJ's decision need not include a discussion of how every *Polaski* factor relates to the claimant's credibility." *Casey v. Astrue*, 503 F.3d 687, 695 (8th Cir. 2007); *Samons v. Apfel*, 497 F.3d 813, 820 (8th Cir. 2007) ("[W]e have not required the ALJ's

decision to include a discussion of how every Polaski 'factor' relates to the claimant's credibility."). The ALJ in this matter referenced inconsistencies between Plaintiff's allegations and the medical record. The ALJ noted specific reasons for discounting Plaintiff's subjective allegations, including the lack of objective medical evidence; normal physical findings relating to gait, range of motion in her legs, straight leg raising; a lack of motor or sensory deficits; non-compliance with medical directives as noted by Dr. Seeman, one of her treating physicians; medication non-compliance. The review of the record and the description of inconsistencies is manifestly clear. The ALJ is not required to discredit every subjective allegation offered by Plaintiff. *See, e.g., Wiese v. Astrue*, 552 F.3d 728, 733-34 (8th Cir. 2009). *Wildman v. Astrue*, 596 F.3d 959, 966 (8th Cir. 2010) (quoting *Black v. Apfel*, 143 F.3d 383, 386 (8th Cir. 1998) ("An ALJ's failure to cite specific evidence does not indicate that such evidence was not considered.")). The conclusions and findings of the ALJ are supported by substantial evidence of the record and will not be disturbed.

## **Conclusion**

After careful review, the Court finds the ALJ's decision is supported by substantial evidence on the record as a whole. The decision will be affirmed.

Accordingly,

**IT IS HEREBY ORDERED** that the decision of the Commissioner of Social Security is affirmed.

A separate judgment in accordance with this Opinion, Memorandum and Order is entered this same date.

Dated this 15th day of April, 2014.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE